IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE RAMIREZ TORRES, | | No. CIV S-07-0193-MCE-CMK-P |
| | Plaintiff, | |
| vs. | | FINDINGS AND RECOMMENDATIONS |
| Unknown, | | |
| | Defendant. | |
| _____/ | | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil action. On March 8, 2007, the court dismissed plaintiff's complaint and directed plaintiff to file an amended complaint within 30 days.  Plaintiff was also directed to resolve the fee status for this case. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  The court granted plaintiff an extension of this deadline on May 25, 2007.  Plaintiff did not comply and, on August 15, 2007, the court issued findings and recommendations that this action be dismissed for lack of prosecution and failure to comply with court rules and orders.  On August 31, 2007, plaintiff filed objections to the findings and recommendations, essentially asking for additional time.  On November 2, 2007, the court vacated the August 15, 2007, findings and recommendations and

granted plaintiff an additional 30 days to comply with the original order.  To date, plaintiff has not complied.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to file an amended complaint or resolve the fee status for this case as directed, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive

1   the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   DATED: December 27, 2007

                                          _____
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE